

**FILED**

SEP 1 8 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL W. HENDERSON, | * | CIV 14-4116-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| DR. ROYCE ENGSTROM, | * | OPINION AND ORDER |
| DR. JAMES S. KORCUSKA, | * | GRANTING MOTION TO |
| DR. FRANK MAIN, | * | PROCEED IFP AND |
| DR. GRACE A. MIMS, | * | DISMISSING COMPLAINT |
| DR. KAREN OLMSTEAD, | * | |
| DR. SETH OLSON, | * | |
| DR. TAD PERRY, | * | |
| DR. LINDA REETZ, | * | |
| DR. TERISA REMELIUS, | * | |
| THE SCHOOL OF EDUCATION AT | * | |
| THE UNIVERSITY OF SOUTH | * | |
| DAKOTA, | * | |
| THE SOUTH DAKOTA BOARD OF | * | |
| REGENTS, | * | |
| and PRESIDENT JAMES W. ABBOTT | * | |
| | * | |
| Defendants. | * | |

Plaintiff Marshall W. Henderson, appearing pro se, filed a motion to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a). For the reasons explained below, this Court grants Henderson's motion to proceed IFP but dismisses his complaint under 28 U.S.C. § 1915(e)(2)(B) as barred by res judicata.

**I. Facts**

Henderson's suit, which arises out of his dismissal from the community counseling program at the University of South Dakota's (USD) Graduate School, asserts the following eight claims: violation of contract (Count I), lack of procedural due process (Count II), violations of

Americans with Disabilities Act (ADA) accommodations (Count III), harassment of students (Count IV), misuse of Title IX protocols in investigating sexual harassment charges (Count V), Family Education Rights and Privacy Act (FERPA) violations (Count VI), educational malpractice (Count VII), and barring from readmission into an alternate program at the University of South Dakota (Count VIII). Doc. 1.

This Court is very familiar with the allegations in Henderson's complaint as he filed a virtually identical complaint in 2010 against Dr. Royce Engstrom, Dr. James Korcuska, Dr. Frank Main, Dr. Grace A. Mims, Dr. Karen Olmstead, Dr. Seth Olson, Dr. Tad Perry, Dr. Linda Reetz, Dr. Terisa Remelius and the School of Education at USD. See Henderson v. Engstrom, CIV 10-4116, Doc. 1.[1]  Henderson's 2010 complaint alleged the same facts, asserted the same eight claims, and requested the same relief as his present complaint. See CIV 10-4116, Doc. 1.

This Court granted summary judgment against Henderson in his 2010 case, finding that the Eleventh Amendment barred Henderson's claims for money damages against USD and its employees and that the defendants were entitled to judgment as a matter of law on the merits of all of Henderson's claims. Henderson v. Engstrom, Civ. No. 10-4116-RAL, 2012 WL 4009108 (D.S.D. Sept. 12, 2012). Shortly after this Court entered a judgment of dismissal against him, Henderson submitted a letter from a USD employee inviting him to complete a graduate degree in USD's Master of Arts in Interdisciplinary Studies (MAIS) program. CIV 10-4116, Docs. 87, 87-1. Henderson construed the letter as an "inadvertent settlement offer" and stated that he

---

[1]This Court takes judicial notice under Rule 201 of the Federal Rules of Evidence of the entire file in Henderson v. Engstrom, CIV 10-4116. Citations to pleadings from Henderson's 2010 case hereafter will be "CIV 10-4116" followed by the document number from the Case Management/Electronic Case Filing system.

2

intended to "utilize the . . . letter in court as evidence that he should never have been barred from receiving his degree." CIV 10-4116, Doc. 87 at 2. Henderson never filed a motion under the Federal Rules of Civil Procedure seeking relief from the judgment.

Approximately thirty days after the judgment of dismissal, Henderson filed a one-sentence letter requesting an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. CIV 10-4116, Doc. 88. This Court denied Henderson's request without prejudice to Henderson refiling his motion with a valid showing of "excusable neglect or good cause" under Rule 4(a)(5)(A). CIV 10-4116, Doc. 89. Henderson then waited approximately one more month before filing a second request for an extension of time to file a notice of appeal. CIV 10-4116, Doc. 90. This Court denied Henderson's request because he failed to show the requisite "excusable neglect or good cause" under Rule 4(a)(5)(A). CIV 10-4116, Doc. 92.

## II. Title 28 U.S.C. § 1915 and Res Judicata

Henderson's affidavit establishes that he is sufficiently impoverished to qualify for IFP status under 28 U.S.C. § 1915. See 28 U.S.C. § 1915(a) (permitting a court to authorize the commencement of a suit without the prepayment of fees when an applicant demonstrates the appropriate need). Yet this does not necessarily mean that Henderson is entitled to proceed with his case. Section 1915(e)(2)(B) requires dismissal of an IFP complaint at any time if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may

3

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When determining whether a complaint fails to state a claim upon which relief may be granted, this Court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." Magee v. Trs. of Hamline Univ., 747 F.3d 532, 534–35 (8th Cir. 2014); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under § 1915(e)(2)(B)(ii)). Henderson is proceeding pro se and his complaint is therefore entitled to a liberal construction. Atkinson, 91 F.3d at 1129.

Because Henderson's complaint is almost identical to his 2010 complaint, res judicata bars the majority of his claims. Jurisdiction over Henderson's 2010 complaint rested on federal question jurisdiction, with this Court exercising supplemental jurisdiction over Henderson's remaining state-law claims. As such, federal law controls the res judicata effects of the 2010 judgment against Henderson. See In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014) ("When federal jurisdiction in a prior case is based on federal question jurisdiction, with the court exercising supplemental—not diversity—jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies."); see also Hufsmith v. Weaver, 817 F.2d 455, 460 (8th Cir. 1987) (finding that federal rules of res judicata controlled effects of a federal-question judgment when a state-law claim was later decided as a matter of supplemental jurisdiction). The doctrine of res judicata encompasses the concepts of both issue preclusion and claim preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Where res judicata applies to an IFP plaintiff's complaint, courts have dismissed the complaint under

4

§ 1915(e)(2)(B) for failure to state a claim or for being frivolous.  McMillian v. Trans World Airlines Inc., 331 F. App'x 103, 104 (3d Cir. 2009) (per curiam) (dismissing appeal as frivolous under § 1915(e)(2)(B) because res judicata barred complaint);  Pointer v. Parents for Fair Share, 87 F. App'x 12 (8th Cir. 2004) (per curiam) (affirming dismissal of complaint under § 1915(e)(2)(B) as frivolous when res judicata barred claims); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205–06 (2d Cir. 2002) (per curiam) (affirming dismissal of complaint under § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted where claim was barred by res judicata).

The doctrine of claim preclusion provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (quoting United States v. Gurley, 43 F.3d 1188, 1195 (8th Cir. 1994)).  The requirements for application of claim preclusion are: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."  Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (quoting Costner, 153 F.3d at 673).

The first two elements of claim preclusion are satisfied.  This Court's grant of summary judgment on all of Henderson's claims in his 2010 case was a final judgment on the merits and was based on proper jurisdiction.

The third element of claim preclusion likewise is met.  The only distinction between the parties in the present action and the parties in the 2010 action is that Henderson now is suing

USD President James Abbott and the South Dakota Board of Regents. The question, then, is

whether the parties in the first law suit are the same or in privity with the parties in the present

suit for purposes of claim preclusion. Parties are in privity with one another when they have "a

close relationship, bordering on near identity." Daley v. Marriott Int'l, Inc., 415 F.3d 889, 897

(8th Cir. 2005) (quoting Gurley, 43 F.3d at 1197)). The USD employees in this suit are the same

as or in privity with the parties in the 2010 suit with respect to Henderson's official-capacity

claims. When, as here, a plaintiff brings successive suits against public officials, the question

of privity often depends on the capacity in which the plaintiff is suing the officials. Compare

Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) ("The doctrine of res judicata bars a plaintiff

from suing a succession of public officials on the same official-capacity claim."), with Headley

v. Bacon, 828 F.2d 1272, 1279 (8th Cir. 1987) ("[L]itigation involving officials in their official

capacity does not preclude relitigation in their personal capacity."). Because Henderson's 2010

complaint did not make clear whether he was suing the USD employees in their private or

official capacities, this Court construed the complaint as alleging official-capacity claims only.

Henderson, 2012 WL 4009108, at *4; see also Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.

1997) ("[A]bsent a clear statement that officials are being sued in their personal capacities, 'we

interpret the complaint as including only official-capacity claims.'" (quoting Egerdahl v. Hibbing

Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995))).

　　　Unlike his 2010 complaint, Henderson's current complaint states that he is suing the USD

employees in their individual and official capacities. "A suit against a government official in his

or her official capacity is 'another way of pleading an action against an entity of which an officer

is an agent.'" Baker, 501 F.3d at 925 (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690

6

n.55 (1978)). "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." Id. (alteration in original) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). Here, President Abbott and the USD employees are in privity with or the same as the parties to the first law suit for purposes of Henderson's official-capacity claims. See Baker, 501 F.3d at 925 (finding privity between officials of same government entity sued in their official capacity); Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983) (same); see also Headley, 828 F.2d at 1279 ("Litigation involving the government is generally binding with respect to government officials who are sued in their official capacities in later actions.").

Henderson in the present suit names as a defendant the South Dakota Board of Regents. In his 2010 complaint, Henderson named just one member of the Board of Regents as a defendant—Dr. Tad Perry—who likewise is named in the current complaint. The Board of Regents controls the School of Education at USD. Both this Court and the Eighth Circuit have held that it is the Board of Regents, rather than USD or one of its schools, that has the capacity to sue or be sued. Lundquist v. Univ. of S.D. Sanford Sch. of Med., 705 F.3d 378, 380 (8th Cir. 2013). The only indication in Henderson's present complaint that he is suing the South Dakota Board of Regents for actions separate and apart from those committed by the USD School of Education and USD employees is an allegation that the Board of Regents violated due process principles by not conducting a hearing concerning his dismissal from the counseling program. Doc. 1 at 53. Henderson made this same allegation in his 2010 complaint, although he named only one member of the Board of Regents, Dr. Tad Perry, its former director. CIV 10-4116, Doc. 1 at 1, 50. When granting summary judgment on Henderson's 2010 complaint, this Court held that the Board of Regents did not violate any due process principles by failing to conduct a

7

hearing with Henderson present because he had been given notice of his dismissal and two opportunities to be heard on the issue. Henderson, 2012 WL 4009108, at *9. Under these circumstances, the South Dakota Board of Regents has a "close relationship bordering on near identity" with the defendants in Henderson's 2010 complaint.

The fourth element of claim preclusion is satisfied. Both of Henderson's suits are based on the same claims or causes of action. "Two causes of action are the same if they arise out of the same nucleus of operative fact, and if proof of the same facts will support both actions, or ... the wrong for which redress is sought is the same in both actions." Cardona v. Holder, 754 F.3d 528, 530 (8th Cir. 2014) (internal quotation marks and citations omitted). Henderson's present complaint tracks his 2010 complaint almost verbatim, alleging the same facts, asserting the same eight claims, and requesting the same relief. The one difference is that Henderson has included a paragraph under Count VIII of his present complaint discussing the letter he received from a USD employee concerning USD's MAIS program. Doc. 1 at 51–52. Henderson states in his complaint that he intends to "utilize [the letter] in court as evidence that he should never have been barred from receiving his degree." Doc. 1 at 52. The only claim the letter appears relevant to is Count VIII of Henderson's complaint, wherein Henderson alleges that USD breached a contract with him by barring him from readmission into the MAIS program. Doc. 1 at 50–52. This Court ruled previously that Henderson had failed to create a genuine issue of material fact that USD's decision to not readmit him was discriminatory, arbitrary, or unreasonable and that USD was under no contractual obligation to readmit Henderson. Henderson, 2012 WL 4009108, at *13. Although claim preclusion is inapplicable to claims that did not arise until after the first suit was filed, Baker Grp., L.C. v. Burlington N. & Sante Fe Ry.,

228 F.3d 883, 886 (8th Cir. 2000), that is not the situation here. Henderson is not alleging that USD or its employees engaged in any new wrongful conduct. Rather, he is simply offering additional evidence concerning the exact same claim for which he sought redress in his 2010 complaint. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 501 (2d Cir. 2014) ("[C]laim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." (quoting Storey v. Cello Holdings, LLC, 347 F.3d 370, 384 (2d Cir. 2003))); N.Y. Life Ins. Co. v. Gillispie, 203 F.3d 384, 387–88 (5th Cir. 2000); Hudson v. Hedge, 27 F.3d 274, 276–77 (7th Cir. 1994); 18 Charles Alan Wright et al., Federal Practice and Procedure § 4408 (2d ed. 2014) ("Simply offering to provide new evidence does not establish a new claim, even if the evidence could not have been produced at the time of the first trial."). As such, the final element of res judicata is satisfied.

The only claims in Henderson's new complaint that are not barred by claim preclusion are Counts I–VIII against the USD employees in their individual capacities. However, school officials cannot be sued in their individual capacities under the ADA or Title IX, Dinkins v. Corr. Med. Servs., 743 F.3d 633, 634 (8th Cir. 2014) (per curiam) (holding that state officials may not be sued in their individual capacities under the ADA); Cox v. Sugg, 484 F.3d 1062, 1066 (8th Cir. 2007) (stating that school officials may not be sued in their individual capacities under Title IX), and Henderson does not have a claim for FERPA violations regardless of whether he sues the USD employees in their official or individual capacities, Henderson, 2012 WL 4009108, at *12 (explaining FERPA cannot be enforced through a private cause of action). Thus, this Court dismisses Counts III, V, and VI against the USD employees in their individual capacities as legally frivolous. Count VII of Henderson's complaint must also be dismissed as legally

9

frivolous in light of this Court's previous prediction that the Supreme Court of South Dakota

would not recognize educational malpractice as a cognizable cause of action. Henderson, 2012

WL 4009108, at *13.

This leaves for resolution the portions of Counts I, II, IV, and VIII against the USD

employees in their individual capacities. Because Henderson already litigated the issues in these

counts in his 2010 case, the doctrine of issue preclusion, which does not require identity of

parties when used defensively, bars him from relitigating these issues now. "Issue preclusion

refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and

decided." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). There are

five elements to issue preclusion:

> (1) the party sought to be precluded in the second suit must have been
> a party, or in privity with a party, to the original lawsuit; (2) the issue
> sought to be precluded must be the same as the issue involved in the
> prior action; (3) the issue sought to be precluded must have been
> actually litigated in the prior action; (4) the issue sought to be precluded
> must have been determined by a valid and final judgment; and (5) the
> determination in the prior action must have been essential to the prior
> judgment.

Sandy Lake Band of Miss. Chippewa v. United States, 714 F.3d 1098, 1102–03 (8th Cir. 2013)

(quoting Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007)).

The first element of issue preclusion is plainly met. Henderson was the plaintiff in the

2010 law suit.

The second element of issue preclusion—the issue sought to be precluded must be the

same as the issue involved in the prior action—is also met. As noted above, the eight counts in

Henderson's 2010 complaint are identical to the eight counts in his present complaint. This

10

Court in Henderson's 2010 case decided the exact issues raised in Counts I, II, IV, and VIII of his present complaint against him and granted summary judgment in favor of the defendants on these counts. Indeed, for Henderson to succeed on Counts I, II, IV, and VIII of his present complaint, this Court would need to decide that its prior decisions on these counts were erroneous. That Henderson is now suing the USD employees in their individual capacities makes no difference—the relevant issues are still the same. See Schuster v. Martin, 861 F.2d 1369, 1372 (5th Cir. 1988) (finding that "a mere difference in related damage theories" did not make issues distinct for purposes of issue preclusion under Mississippi law where the plaintiff sued state hospital employees in their individual capacity on the same due process theory that he had raised in a prior proceeding for injunctive relief against hospital); Willner v. Budig, 848 F.2d 1032, 1034 (10th Cir. 1988) (per curiam) (holding that conclusion in plaintiff's first suit against her university under Title VII that university officials had not retaliated against her established issue preclusion in the university officials' favor when plaintiff sued them in their individual capacities under 42 U.S.C. § 1983).[2] Nor does the letter Henderson received from a USD employee make the issues in Count VIII of his present complaint different from the issues in Count VIII of his 2010 complaint. The fact that a USD employee invited Henderson to join the MAIS program several years after the USD defendants denied his request to do so does not mean that the USD defendants' original decision was discriminatory, arbitrary, or unreasonable.

---

[2]"[I]ssues that may bear the same label are nonetheless not identical if the standards governing them are significantly different." B & B Hardware, Inc. v. Hargis Indus., Inc., 716 F.3d 1020, 1024–25 (8th Cir. 2013) (quoting Jim Beam Brands Co. v. Beamish & Crawford Ltd., 937 F.2d 729, 734 (2d. Cir. 1991)); see also Peterson v. Clark Leasing Corp., 451 F.2d 1291, 1292 (9th Cir. 1971) (per curiam) ("Issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits be the same.").

11

The third element of issue preclusion—whether the issues sought to be precluded were actually litigated in the prior action—is satisfied. The parties each submitted evidence and argument concerning the issues raised in Counts I, II, IV, and VIII, see CIV 10-4116, Docs. 65–68, 74–76, and this Court made a final determination of these issues.

The fourth element of issue preclusion is met here. The issues sought to be precluded were decided on the merits by a valid and final judgment.

The fifth element of issue preclusion is that the determination in the prior action was essential to the prior judgment. Here, the issues this Court determined in Counts I, II, IV, and VIII were essential to the prior judgment for had this Court decided these issues in Henderson's favor, it would not have entered summary judgment on all of Henderson's claims. See Bobby v. Bies, 556 U.S. 825, 835 (2009) ("A determination ranks as necessary or essential only when the final outcome hinges on it.").

**III. Conclusion**

For the reasons stated above, it is hereby

ORDERED that Henderson's request to proceed in forma pauperis is granted and that Henderson may proceed without the required filing fee. It is further

ORDERED that the Clerk of Court attach the prior decision in Henderson v. Engstrom, Civ. No. 10-4116-RAL, 2012 WL 4009108 (D.S.D. Sept. 12, 2012) to this Opinion and Order for filing. It is further

ORDERED that the Clerk of Court send to the defense attorneys in the previous case a copy of this decision. It is finally

12

ORDERED that judgment of dismissal against the Plaintiff enter for the reasons explained above.

Dated September **18**, 2014.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

13